930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tanika JACKSON, Plaintiff-Appellant,
v.
Margarita ROBERTS, et al., Defendants-Appellees.
 No. 90-1013.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1991.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, Tanika Jackson ("Jackson"), appeals from the district court's November 1, 1989, order denying her motion for judgment notwithstanding the verdict and its December 4, 1989, memorandum and order denying her motion for new trial. Jackson raises two issues on appeal: (1) whether the evidence presented at trial was sufficient to support the jury's verdict in favor of defendant, Margarita Roberts ("Roberts"); and (2) whether the district court abused its discretion in denying Jackson's motion for new trial on the ground that the jury's verdict was against the great weight of the evidence. Finding no errors warranting reversal, we AFFIRM.
 
 I.
 
 2
 Jackson alleged that on May 8, 1987, Roberts, a substitute teacher for the fifth grade class of Lincoln Elementary School in which she was a student, kicked her without any reason. Conflicting testimony was presented at trial regarding the incident.
 
 
 3
 Roberts contended that she never kicked Jackson. Roberts' testimony indicated that Jackson was approaching the front of the classroom, without Roberts' permission, to erase her name from a list of students who had misbehaved. Jackson refused to return to her seat and bent down in front of the teacher. At that moment, Roberts, in an attempt to induce Jackson to return to her seat, made a shooing motion on the floor with her foot.
 
 
 4
 Jackson's testimony indicated that she was kicked four or five times in the stomach, back and face without provocation or justification. Three of Jackson's classmates testified that they witnessed Roberts kick Jackson in the face. Jackson contended that as a result of the physical abuse that she experienced, she suffers from emotional distress and continues to require professional counseling.
 
 
 5
 Jackson reported the incident to the principal, Olive Neelands ("Neelands"). Neelands did not observe Jackson showing any physical or emotional signs of injury. Neelands discussed the allegations with Roberts and requested that Roberts contact Jackson's parents.
 
 
 6
 Three days later, Jackson saw her family physician, Dr. Cecilia Buot, for a physical examination. Neither Dr. Buot nor any other physician testified at trial. Jackson was evaluated by a licensed clinical psychologist, Dr. Julian Gordon, in August 1988, more than one year after the alleged incident. Dr. Gordon indicated that he did not treat Jackson, he merely examined her for the purpose of providing trial testimony. Dr. Gordon detected Jackson's anxiety and recommended individual psychotherapy for Jackson in addition to parental guidance. He further testified that Jackson's anxiety was related to her family life and the legal proceedings resulting from the alleged incident.
 
 B.
 
 7
 On November 11, 1987, Jackson filed suit against Roseville Community Schools; Olive Neelands; and Margarita Roberts. Jackson filed suit under 42 U.S.C. Secs. 1981, 1983, alleging violations of the first and fourteenth amendments of the United States Constitution. She also asserted pendent state tort law claims and violations of the Michigan Constitution. On November 14, 1988, the defendants filed a motion for summary judgment. In its April 20, 1989, memorandum and order, the district court granted summary judgment in favor of Olive Neelands and Roseville Community School on the Sec. 1983 claims, and denied Roberts' motion for summary judgment.[1] On the same day, the district court issued an order to show cause why Jackson's pendent state claims should not be dismissed without prejudice. On October 16, 1989, the Sec. 1981 claim was dismissed by stipulation of the parties. The court also dismissed without prejudice the pendent state claims.
 
 
 8
 On October 26, 27, and 30, 1989, a jury trial was held. At the conclusion of Roberts' defense, Jackson moved for a directed verdict which the district court subsequently denied. The jury returned a verdict of no cause of action in favor of Roberts which was entered on November 1, 1989. Immediately after the jury returned its verdict, Jackson moved for judgment notwithstanding the verdict which the district court denied on October 30, 1989. On November 9, 1989, Jackson filed a motion for new trial. On November 20, 1989, Roseville Community School filed a motion for attorney fees on the ground that Jackson's claim of a constitutional violation was frivolous. The district court denied both motions in its December 4, 1989 memorandum opinion and order. On December 13, 1989, Jackson filed a timely notice of appeal.
 
 II.
 A.
 
 9
 The district court's denial of Jackson's motion for judgment notwithstanding the verdict ("JNOV") was proper. In considering a motion for JNOV, the court must view the evidence in the light most favorable to the nonmoving party, drawing from the evidence all reasonable inferences in the nonmovant's favor. Portage II v. Bryant Petroleum Corp., 899 F.2d 1514, 1523 (6th Cir.1990). A JNOV motion should be granted when the evidence supports only one reasonable conclusion as to the proper verdict. An appellate court, when reviewing the district court's decision regarding a JNOV, is bound by the same standard. In conducting our inquiry, we must neither consider the credibility of the witnesses, weigh the evidence, nor substitute our judgment for that of the jury. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 208 (6th Cir.1990). When there is a conflict in evidence, the motion for JNOV should be denied. Merkel v. Scovill, Inc., 787 F.2d 174, 177 (6th Cir.1986), cert. denied, 479 U.S. 990 (1986).
 
 
 10
 To rise to the level of a fourteenth amendment substantive due process violation, disciplinary corporal punishment administered in a public school setting must be applied with force so disproportionate to the need presented as to be inspired by malice or sadism. Webb v. McCullough, 828 F.2d 1151, 1158 (6th Cir.1987). Conduct which exhibits merely a "careless or unwise excess of zeal" does not rise to the level of a substantive due process violation. Id. (quoting Hall v. Tawney, 621 F.2d 607, 613 (4th Cir.1980)). Violative conduct is corporal punishment which amounts to a "brutal and inhumane abuse of official power" which shocks the conscience. Id.
 
 
 11
 Contrary to Jackson's contentions, the evidence presented at trial was sufficient to support the jury's conclusion that Roberts' actions did not constitute a brutal and inhumane abuse of official power. Although the severity of the physical force Roberts employed was disputed by Jackson and her classmates, Roberts presented ample evidence to show that her actions were unlikely to cause injury and were free from the malicious intent required to establish a constitutional violation. Roberts testified that she did not kick Jackson, she merely made a shooing motion with her foot in Jackson's direction. Jackson's testimony contradicted Roberts' account, but Jackson provided no medical evidence to prove that any physical injury resulted. Dr. Gordon, a clinical psychologist, testified that much of Jackson's anxiety was attributable to her family's frequent relocations, a history of corporal punishment by Jackson's parents, and other family problems. From our review of the record, we do not conclude that the evidence supports only one reasonable conclusion as to the proper verdict. As there is a conflict in evidence, the district court properly denied Jackson's motion for JNOV.
 
 B.
 
 12
 The district court did not err in denying Jackson's motion for a new trial. In ruling on a motion for a new trial on the ground that the verdict is against the weight of the evidence, the court is not permitted to set the jury's verdict aside merely because the jury could have drawn different inferences or conclusions. Portage II, 899 F.2d at 1523. The jury's verdict should be accepted if it is one which reasonably could have been reached. Id. at 1524; see also Lavender v. Kurn, 327 U.S. 645, 653 (1946) ("[W]here ... there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable.").
 
 
 13
 The evidence in the instant case presented two conflicting versions of the incident. The jury found Roberts' version credible and returned a verdict in her favor. Roberts testified that she did not mean to harm Jackson. She merely attempted to maintain order in the classroom. Roberts testified that she did not believe that she harmed Jackson. Jackson and her classmates testified to the contrary, yet Jackson failed to produce medical evidence to substantiate her claim of physical injury resulting from the alleged contact. Based on the evidence presented at trial, we conclude that a reasonable jury could have concluded that the force used was not so severe or disproportionate as to demonstrate malice or sadism. We also conclude that the jury could have reasonably found that Roberts' action did not amount to a brutal or inhumane abuse of official power that shocks the conscience. That the jury could have drawn different inferences or conclusions is not a sufficient basis for granting a new trial on the ground that the verdict is against the great weight of the evidence. As the verdict was reasonable in light of the evidence, we conclude that the district court properly denied Jackson's motion for a new trial.
 
 III.
 
 14
 For the foregoing reasons, we AFFIRM the November 1, 1989, and December 4, 1989, orders of the Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan.
 
 
 
 [1]
 In its memorandum and order, the district court did not address Jackson's Sec. 1981 claim or the pendent state claims